COPY

```
DOYLE LOWTHER LLP
WILLIAM J. DOYLE II (188069)
bill@doylelowther.com
JOHN A. LOWTHER (207000)
john@doylelowther.com
9466 Black Mountain Road, Suite 210
San Diego, CA 92126
Phone: (619) 573-1700
Fax: (619) 573-1701

EMERSON POYNTER LLP
SCOTT E. POYNTER
scott@emersonpoynter.com
CHRISTOPHER D. JENNINGS
cjennings@emersonpoynter.com
GINA M. DOUGHTERTY
gdougherty@emersonpoynter.com
RYAN J. CASTSTEEL
rjcaststeel@emersonpoynter.com
The Museum Center
500 President Clinton Ave., Suite 305
Little Rock, AR 72201
Phone: (501) 907-2555
Fax: (501) 907-2556

Attorneys for Plaintiff
[Additional counsel appear on signature page]
```

ORIGINAL FILED
09 JAN 15 AM 11: 59
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

ADR

E-filing

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| AARON WALTERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California Corporation,<br><br>Defendant. | CASE NO. C09 00187 JF PVT<br><br>COMPLAINT FOR UNLAWFUL, FRAUDULENT OR UNFAIR BUSINESS PRACTICES, BREACH OF EXPRESS AND IMPLIED WARRANTIES; UNJUST ENRICHMENT; AND FOR VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT<br><br>DEMAND FOR JURY TRIAL<br><br><u>CLASS ACTION</u> |

BY FAX

- 1 -
COMPLAINT FOR UNLAWFUL BUSINESS PRACTICES

Plaintiff Aaron Walters ("Plaintiff"), individually and on behalf of all others similarly situated, upon both personal knowledge and information and belief, and based upon the investigation made by his attorneys, which included a review of public statements and information disseminated by Defendant Apple Inc. and others, hereby alleges as follows:

## INTRODUCTION

1. This is a consumer class action case concerning deceptive and unfair business practices carried out by the Defendant in the advertisement and sale of their iPhone 3G. As set forth more fully below, Defendant has wrongfully and unfairly deceived the public and its customers by misrepresenting the speed, strength and performance of its new iPhone 3G devices and its related 3G-bandwidth network protocol in the advertisement and sale of their iPhone 3G devices. Consequently, Plaintiff and the class he seeks to represent have experienced damages due to the Defendant's misconduct. This action seeks compensatory and/or statutory damages as well as equitable, declaratory, injunctive, and all other relief allowed in equity and the law.

## PARTIES

2. Plaintiff is, and was at all relevant times described herein, a resident of Hazen, Arkansas. In late July 2008, Plaintiff purchased an iPhone 3G at an AT&T retail store in Little Rock, Arkansas. His iPhone 3G device was marketed, distributed, and/or sold by Defendant. Plaintiff and the class he seeks to represent have incurred significant monetary and non-monetary damages as a result of Defendant's misconduct described herein.

3. Defendant Apple Inc. is a California corporation with its principal executive offices at 1 Infinite Loop, Cupertino, California 95014. At all relevant times, Apple was engaged in the business of marketing, distributing and/or selling consumer electronics products, including the iPhone 3G, in Arkansas and throughout the United States.

4. Whenever this Complaint refers to any act or acts of Defendant, the reference shall so be deemed to mean that the directors, officers, employees, affiliates, or agents of the responsible defendant authorized such act while actively engaged in the management,

direction or control of the affairs of defendant, and each of them, and/or by persons who are the parents or alter egos of the defendant while acting within the scope of their agency, affiliation, or employment whenever this Complaint refers to any act of defendant, the reference shall be deemed to be the act of each defendant, jointly and severally.

## JURISDICTION AND VENUE

5. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1332(d) because (i) there are more than 100 class members; (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs; and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different states. This Court has supplemental jurisdiction over the state law claims stated in this Class Action Complaint pursuant to 28 U.S.C. §1367.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2). Defendant maintains its principal executive offices in this District and Defendant has numerous retail sales locations throughout this District. Further, a substantial part of the acts and conduct charged herein, including the promotion, use, sale, marketing and/or distribution of the product and services at issue, occurred in this District, as did the issuance of materially false and misleading representations.

## CLASS ACTION ALLEGATIONS

7. Plaintiff brings this class action claim pursuant to Rule 23 of the Federal Rules of Civil Procedure. The requirements of Rule 23 are met with respect to the class defined below.

8. Plaintiff brings his claims on his own behalf, and on behalf of the following class (the "Class"):

> All persons who purchased one or more iPhone 3Gs from Apple and/or its authorized retailers and a related AT&T 3G service plan from AT&T. Excluded from the Class are the Defendants, their officers and directors at all relevant times, members of immediate families and their legal representatives, heirs, successors, or assigns and any entity in which the Defendants have or had a controlling interest.

9.      Plaintiff reserves the right to amend or modify the Class definition in connection with a Motion for Class Certification and/or the result of discovery.

10.     This class action is properly brought as a class action for the following reasons. The Class is so numerous that joinder of the individual members of the proposed Class (the "Class Members") is impracticable. The Class, upon information and belief, includes tens of thousands of persons geographically dispersed throughout the United States. The precise number and identities of Class Members are unknown to Plaintiff, but are known to Defendant and can be ascertained through discovery, namely using Defendant's records of sales and other information kept by Defendant.

11.     Plaintiff does not anticipate any difficulties in the management of this action as a class action. The Class is ascertainable and there is a well-defined community of interests in the questions of law and/or fact alleged since the rights of each Class Member were infringed or violated in similar fashion based upon Defendant's misconduct. Notice can be provided through records and publication, the cost of which is properly imposed upon the Defendant.

12.     Questions of law or fact common to the Class exist as to Plaintiff and all Class Members, and these common questions predominate over any questions affecting only individual members of the Class. Among the common questions of law and/or fact are the following:

    a. Whether Defendant should be enjoined and required to make appropriate disclosures regarding the limitations of the iPhone 3G and its incompatibility with 3G protocol;

    b. Whether Defendant misrepresented the iPhone 3G had characteristics, uses and/or benefits which it does (did) not have;

    c. Whether Defendant's representations stating the iPhone 3G has the quality and compatibility to connect and/or maintain a connection to the 3G protocol in order to transmit data at 3G speeds was false, misleading and/or likely to deceive or otherwise constitute a violation of law;

    d. Whether Defendant failed to disclose other necessary material facts in order to make its statements not misleading for want of disclosure of such omitted facts;

- 4 -
COMPLAINT FOR UNLAWFUL BUSINESS PRACTICES

     e.  Whether Defendant made any express or implied warranties in their sale of iPhone 3G devices;

     f.  Whether Defendant breached any express or implied warranties relating to its sale of iPhone 3G devices;

     g.  Whether Defendant was unjustly enriched by selling iPhone 3G devices by means of deceptive and unfair business practices;

     h.  The appropriate nature of class-wide equitable relief; and

     i.  The appropriate measurement of restitution and/or measure of damages to award to Plaintiff and the Class.

13. Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff and the Class Members. Individual questions, if any, pale by comparison to the numerous common questions that predominate.

14. The injuries sustained by Plaintiff and the Class Members flow, in each instance, from a common nucleus of operative facts – the Defendant's misconduct. The Defendant wrongfully and unfairly deceived the public and its customers by misrepresenting the speed, strength and performance of the iPhone 3G and its related 3G-bandwidth network protocol in the advertisement and sale of its iPhone 3G devices despite their knowledge to the contrary.

15. Plaintiff's claims are typical of the claims of the Class Members. The Defendant's uniform, material misrepresentations and omissions and use of unfair and deceptive business practices carried out in the marketing and sale of their iPhone 3G devices apply equally to Plaintiff and all Class Members. Moreover, the defenses, if any, that will be asserted against Plaintiff's claims are typical of the defenses that will be asserted, if any, against the Class Members' claims.

16. Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff has no interests adverse to the interests of the Class Members and has retained counsel with significant experience in the prosecution of class actions and complex litigation, including consumer litigation, and who will vigorously prosecute this action.

///

17. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, and individual joinder of all members of the Class is impracticable, if not impossible because the massive number of Class Members are scattered throughout the United States. Moreover, the cost to the court system of such individualized litigation would be substantial. Individualized litigation would likewise present the potential for inconsistent or contradictory judgments and would result in significant delay and expense to all parties and multiple courts hearing virtually identical lawsuits. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and the court, protects the rights of each Class Member and maximizes recovery to them.

18. Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole. Notice of pendency of any resolution of this action can be provided to the Class Members by individual mailed notice or best notice practicable under the circumstances.

## **FACTUAL ALLEGATIONS**

**Defendant's Marketing of the iPhone 3G**

19. Beginning in or around the summer of 2007, Defendant began marketing and selling the iPhone. The iPhone is a consumer electronic device designed, manufactured and sold as a mobile phone, iPod, and internet communications device with desktop email, web browsing, maps and searching. The iPhone was (and is) exclusively offered on AT&T's wireless network. The iPhone is considered 2G technology, transmitting data via AT&T's EDGE protocol.

20. Beginning in or around the summer of 2008, Defendant began marketing and selling the iPhone 3G device, a supposedly "newer an improved" version of the original iPhone.

21. The term "3G" refers to the third generation in mobile communications. Specifically, 3G technology features faster bandwidth and transfer rates when compared to 2G technology.

- 6 -
COMPLAINT FOR UNLAWFUL BUSINESS PRACTICES

22. The release of the iPhone 3G was preceded and followed by an aggressive marketing campaign that included radio, television, Internet and print advertisements.

23. In essence, the iPhone 3G was marketed and sold as being able to properly operate on AT&T's related 3G-bandwidth protocol thus offering iPhone 3G consumers faster internet, email, telephone and messaging services when compared to similar devices operating on 2G and older protocols. For example, Apple specifically represented (and continues to represent) that the iPhone 3G is "Twice as fast. Half the price" as its predecessor, the original iPhone.

24. Indeed, Apple included the description "3G" in the designated name of the iPhone 3G device. Built in to the very name of the phone, Apple engaged in a campaign to lead consumers to believe that the iPhone 3G device would properly operate on AT&T's related 3G-bandwidth protocol and offer faster data services.

25. In its use of the advertising mediums discussed above, Defendant uniformly advertised the iPhone 3G devices and expressly represented the quality and compatibility of AT&T's 3G protocol.

26. In connection with each sale, Defendant marketed, advertised and warranted that the iPhone 3G was fit for the ordinary purpose for which such goods were used – receiving telephone calls, internet service, email service, and messaging service at 3G protocol speeds.

27. Apple, with the direct participation of AT&T, manufactured and distributed the iPhone 3G intending that customers would purchase, regardless of place of purchase, or location where customers actually use them. The iPhone 3G was placed into the stream of commerce, distributed, and ultimately offered for sale and sold to Plaintiff and other Class Members in Arkansas, as well as throughout the United States.

28. Apple promoted the sale of its new iPhone 3G on its website and through television, radio and print media. Such advertising, promotion and marketing conveyed to the reasonable consumer the iPhone 3G's reliability and efficiency in properly working

on AT&T's 3G network, and Defendant intended for customers to believe their statements and representations.

29. Apple and AT&T have an agreement whereby AT&T is the exclusive service provider for the iPhone and iPhone 3G devices. Consumers, including Plaintiff, are unable to choose any other network carrier when using their iPhone 3G. In connection with this arrangement, AT&T profits by selling 3G upgrade plans at a $10/month premium and requires consumers to enter into new two (2) year contracts.

**Defendant's iPhone 3G Marketing Scheme is Deceptive and/or Fraudulent**

30. Prompted by the public advertisements from Defendant promoting the iPhone 3G's enhanced capabilities, Plaintiff became interested in purchasing an iPhone 3G. All of the advertisements he saw or heard expressly stated or implied that the iPhone 3G would properly operate on AT&T's related 3G-bandwidth protocol and would thus transmit data via the 3G protocol at 3G speeds.

31. Correspondingly, Plaintiff purchased an iPhone 3G device in late July 2008 and entered into a related two-year service agreement with AT&T. At the time Plaintiff purchased the phone, he did not have reason to suspect the iPhone 3G would not properly operate on AT&T's related 3G-bandwidth protocol or otherwise be inadequately compatible with the 3G protocol.

32. After purchasing and using the iPhone 3G device, Plaintiff noticed his internet connection and ability to send and receive emails, text messages, and other data transfers through the device were considerably slower than advertised and his iPhone 3G would predominately connect to AT&T's much slower EDGE 2G protocol. Plaintiff also experienced (and continues to experience) difficulties in making phone calls and finding good 3G reception with his iPhone 3G device. Indeed, a majority of his phone calls have been (and are being) dropped.

///

///

- 8 -
COMPLAINT FOR UNLAWFUL BUSINESS PRACTICES

33. Surprisingly, the failure of Plaintiff's iPhone 3G device to properly connect and use the 3G protocol occurs in the metropolitan area of Little Rock, Arkansas, which is an area that has excellent 3G coverage according to Defendant.

34. Similarly situated consumers across the country have experienced (and are experiencing) similar problems with their iPhone 3G devices. The failure of Defendant to deliver as advertised is a widespread and common problem amongst consumers who have purchased iPhone 3G devices.

35. Based upon information and belief, the AT&T infrastructure is insufficient to handle the overwhelming 3G signal based upon the high volume of iPhone 3G subscribership. Defendant has oversold the network by selling more phones and more subscription plans than the 3G infrastructure can handle. Simply, the large number of 3G iPhone devices demand too much power from the 3G bandwidths and have thus created widespread connectivity and user problems.

36. Based upon information and belief, the iPhone 3G devices' sensitivity to third-generation network signals is well below the level specified in the 3G standard. Upon information and belief, hardware problems introduced during mass production may also contribute to the connectivity and use issues discussed above.

37. Defendant knew or should have known AT&T's 3G protocol could not handle the massive influx of their iPhone 3G devices. Defendant knew or should have known the strain on the network would make it impossible to provide reliable and sustained connectivity to their customers. Thus, Defendant knew or should have known Plaintiff's and similarly situated consumers' iPhone 3G devices would not properly operate on AT&T's related 3G-bandwidth protocol as advertised.

38. Based upon information and belief, Defendant concealed and intentionally failed to disclose to Plaintiff and the other Class Members this information and as a direct and proximate result, Plaintiff and the Class Members have been damaged thereby.

# **COUNT I**

*UNLAWFUL, FRAUDULENT OR UNFAIR BUSINESS ACTS OR PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§17200, et seq.*

39. Plaintiff incorporates by reference all of the foregoing paragraphs as if set forth herein.

40. Plaintiff asserts this cause of action on behalf of himself and on behalf of the Class.

41. The Unfair Competition Law defines unfair competition to include any "unfair," "unlawful," or "fraudulent" business act or practice. California Business and Professions Code §17200, *et seq*. The Act also provides for injunctive relief and restitution for violations.

42. Defendant violated, and continues to violate, California Business and Professions Code §17200, *et seq.*, by misrepresenting the actual speed and performance of its iPhone 3G devices.

43. By engaging in the above described acts and practices, Defendant has committed one or more acts of unfair competition within the meaning of California Business and Professions Code §17200, *et seq*.

44. Defendant's acts and practices as described herein have deceived and/or are likely to deceive members of the public. Defendant advertises the iPhone 3G as "Twice as Fast. Half the Price", when the phone connects to the Internet over their slower 2G EDGE network the majority of the time. Calling the phone the iPhone 3G, leads the reasonable consumer, including Mr. Walters, to believe the advertised "Twice as fast" is in relation to the 3G (third generation mobile connection), which is twice as fast as the 2G predecessor.

45. The acts and practices of Defendant are also unlawful because they constitute a violation of California Civil Code § 1709, a breach of express and implied warranties, a violation of the Consumers Legal Remedies Act, California Business & Professions Code §17500, and other state consumer protection laws, as described in this complaint.

46. Plaintiff and the members of the Class purchased one of these iPhone 3G devices directly from Apple and/or its authorized retailers/resellers.

47. In this regard, the funds paid by Plaintiff and the members of the Class to Apple's retailers/resellers were, in fact, paid directly to Apple. Apple profited enormously through falsely representing the speed and performance of its iPhone 3G devices through its authorized retailers/resellers. Apple's revenues attributable thereto are thus directly traceable to millions of dollars paid out by Plaintiff and the members of the Class for the iPhone 3G devices at issue, and Plaintiff and the members of the Class were injured in fact and lost money or property as a result thereof.

48. Unless Defendant is enjoined from continuing to engage in the unlawful, unfair, fraudulent, and deceptive business acts and practices as described herein, Plaintiff and the Class Members will continue to be damaged by Apple's unfair competition.

49. Defendant, through its acts of unfair competition, has acquired money from members of the proposed Class. Thus, Plaintiff and the members of the Class request this Court disgorge and restore this money to them and enjoin Defendant from continuing to violate California Business and Professions Code §17200, *et seq.*, as discussed above.

50. Such conduct is ongoing and continues to this date. Plaintiff and the Class Members are therefore entitled to the relief described below.

## COUNT II

*BREACH OF EXPRESS WARRANTY*

51. Plaintiff incorporates by reference all of the foregoing paragraphs as if set forth herein.

52. Plaintiff, and the members of the Class, sought to purchase electronic devices capable of properly performing on the 3G protocol. On or about the time Defendant sold to Plaintiff and the Class Members their iPhone 3G devices, Plaintiff and the members of the

Class relied on Defendant's express warranties and other information disseminated by Defendant which specifically expressed that Defendant's iPhone 3G device was capable of properly performing on the 3G protocol.

53. By the acts set forth in detail above, Defendant expressly warranted its iPhone 3G devices were capable of properly performing on 3G protocol, but intentionally omitted, suppressed, and withheld material information to the contrary. Plaintiff and the members of the Class bought Defendant's iPhone 3G devices justifiably relying on Defendant's skill, judgment and representations. However, Defendant's iPhone 3G devices do not perform as warranted.

54. At the time of sale, Defendant had reason to know the particular purpose for which its iPhone 3G devices were being offered and acquired, and that Plaintiff and the members of the Class were relying on Defendant's express warranties and representations that their iPhone 3G devices were suitable for that purpose.

55. However, Defendant breached this express warranty by providing goods that are/were unsuitable for the purpose for which they were made and purchased because the iPhone 3G devices do not properly perform on 3G protocol as discussed above.

56. As a direct and proximate result of Defendant's actions, Plaintiff and the Class have suffered significant damages.

57. Accordingly, Plaintiff and the Class are entitled to judgment against the Defendant for their actual damages in the form of restitution, attorneys' fees and costs of litigation.

**COUNT III**

*BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY*

58. Plaintiff incorporates by reference all of the foregoing paragraphs as if set forth herein.

59. Plaintiff, and the members of the Class, sought to purchase electronic devices capable of properly performing on the 3G protocol. In doing so, Plaintiff and the

- 12 -
COMPLAINT FOR UNLAWFUL BUSINESS PRACTICES

members of the Class relied on Defendant's skill and judgment to select and furnish suitable goods for that purpose, on or about the time Defendant sold to Plaintiff and the Class Members their iPhone 3G devices.

60. By the acts set forth in detail above, Defendant warranted their iPhone 3G devices were capable of properly performing on 3G protocol, but intentionally omitted, suppressed, and withheld material information to the contrary. Plaintiff and the members of the Class bought Defendant's iPhone 3G devices relying on Defendant's skill, judgment and representations. However, Defendant's iPhone 3G devices do not perform as warranted.

61. At the time of sale, Defendant had reason to know the particular purpose for which its goods were being offered and acquired, and that Plaintiff and the members of the Class were relying on Defendant's skill and judgment to select and furnish suitable goods for that purpose. Accordingly, there was an implied warranty the goods were fit for this purpose.

62. However, Defendant breached this warranty implied at the time of sale by providing goods that are/were unsuitable for the purpose for which they were made and purchased because the iPhone 3G devices do not properly performing on the 3G protocol.

63. As a direct and proximate result of Defendant's actions, Plaintiff and the Class have suffered significant damages.

64. Accordingly, Plaintiff and the Class are entitled to judgment against the Defendant for their actual damages in the form of restitution, attorneys' fees and costs of litigation.

**COUNT IV**

*UNJUST ENRICHMENT*

65. Plaintiff incorporates by reference all of the foregoing paragraphs as if set forth herein.

66. Defendant's wrongful actions as described herein were designed and indeed allowed Defendant to make enormous amounts of revenue at the expense of

- 13 -
COMPLAINT FOR UNLAWFUL BUSINESS PRACTICES

unknowing consumers. Thus, Defendant has been unjustly enriched by its misconduct.

67. The Defendant should be ordered to disgorge all monies it has received due to its related unjust enrichment.

68. Plaintiff and Class are entitled to the amount of Defendant's ill-gotten gains, including interest, resulting from its unlawful, unjust and inequitable conduct as described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for judgment as follows:

A. Declaring this action to be a proper class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Awarding plaintiff and members of the class all proper measures of damage, including interest to which they are entitled;

C. Awarding equitable, injunctive and/or declaratory relief as the Court may deem just and proper;

D. Awarding plaintiff's reasonable costs and attorney's fees; and

E. Grant such further and other relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: January 14, 2009

DOYLE LOWTHER LLP
WILLIAM J. DOYLE II
JOHN A. LOWTHER

WILLIAM J. DOYLE II
bill@doylelowther.com

9466 Black Mountain Road, Suite 210
San Diego, CA 92126
Phone: (619) 573-1700
Fax: (619) 573-1701

EMERSON POYNTER LLP
SCOTT E. POYNTER
CHRISTOPHER D. JENNINGS
GINA M. DOUGHERTY
RYAN J. CASTSTEEL
The Museum Center
500 President Clinton Ave., Ste. 305
Little Rock, AR 72201
Phone: (501) 907-2555
Fax: (501) 907-2556

EMERSON POYNTER LLP
JOHN G. EMERSON
jemerson@emersonpoynter.com
830 Apollo Lane
Houston, TX 77058
Phone: (281) 488-8854
Fax: (281) 488-8867

WHATLEY DRAKE & KALLAS LLC
JOE R. WHATLEY, JR.
jwhatley@wdklaw.com
1540 Broadway, 37th Floor
New York, NY 10036
Phone: (212) 447-7070
Fax: (212) 447-7077

WHATLEY DRAKE & KALLAS LLC
ADAM PLANT
aplant@wdklaw.com
2001 Park Place North, Suite 1000
Birmingham, AL 35203
Phone: (205) 328-9576
Fax: (205) 328-9669

Attorneys for Plaintiff